United States District Court
Southern District of Texas
**ENTERED**
January 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| American Express National Bank, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-21-2973 |
| | § | |
| Robert L. Allen, | § | |
|     Defendant. | § | |

# Report and Recommendation

American Express National Bank (American Express) sued Robert L. Allen in state court seeking recovery of $16,680.77, the balance Allen is alleged to owe to American Express under a cardmember agreement. ECF No. 1 at 9-10. Allen filed an answer with a document titled "Affidavit of Truth," alleging defenses under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. ECF No. 1 at 15-19. Allen removed the case to federal court. He argues that this court has jurisdiction because his defenses raise a federal question. ECF No. 1 at 1-2. American Express moves to remand. The court recommends that this case be remanded to state court.

*1. Removal Jurisdiction*

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441; *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). A case may also be removed if the case is one that "aris[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331, 1441. The defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at

the time of removal." *In re Deepwater Horizon*, 745 F.3d 157, 162–63 (5th Cir. 2014).

### 2. Diversity Jurisdiction

Although not mentioned by any party, the court will independently determine whether there is jurisdiction based on diversity of citizenship. Federal courts may exercise jurisdiction when all defendants are citizens of different states from all plaintiffs and where the amount in controversy is more than $75,000. 28 U.S.C. § 1332; *Priester*, 832 F. App'x at 244. Diversity of citizenship is not clear from the pleadings, but the amount in controversy has not been shown to be more than $75,000. The court lacks subject matter jurisdiction based on diversity of citizenship.

### 3. Federal Question Jurisdiction

Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). That is, "[a] federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal alteration and quotation marks omitted).

The state court petition seeks to recover amounts Allen owes under his cardmember agreement under state law causes of action for breach of contract and account stated. The petition does not raise any federal question. Allen seeks to have this court exercise jurisdiction based on his defenses under the Fair Debt Collection Practices Act. But the federal question must be presented in the plaintiff's complaint. *See Holmes Grp., Inc.*, 535 U.S. at 830. Defenses and counterclaims raised in the answer cannot confer federal question jurisdiction upon the court. *See Holmes Grp., Inc.*, 535 U.S. at 831.

The court does not have subject matter jurisdiction.

*4. Conclusion*

The court recommends that American Express's motion to remand be granted.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 19, 2022.

_____
Peter Bray
United States Magistrate Judge